IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK,
as Administrators of the Estate Kevin
Figaniak,
       Plaintiffs,

v.                                             CIVIL ACTION NO.: 5:15-cv-111

FRATERNAL ORDER OF OWL'S HOME
NEST, LOYAL ORDER OF OWLS NEST
LODGE 2558 d/b/a THE OWLS NEST, a
West Virginia corporation, YE OLDE
ALPHA, INC., a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually, and
TYLER JOHNSON, individually,
       Defendants.

## DEFENDANT, CRAIG TYLER PEACOCK'S ANSWER TO COMPLAINT

NOW COMES, Defendant, Craig Tyler Peacock (hereinafter "Defendant"), by and through counsel, Kenneth L. Hopper, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and files his Answer to Plaintiffs' Complaint. In so doing, this Defendant states and avers as follows:

## NATURE OF THE ACTION

1.     This Defendant admits he is a citizen of Florida. With regard to the remainder of the allegations contained in Paragraph No. 1 of the Plaintiffs' Complaint, this Defendant contends the same are legal conclusions, rather than allegations of fact, and demands strict proof in support thereof. Further, this Defendant is also without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 1 of the Plaintiffs' Complaint and therefore denies the same, and demands strict proof in support thereof.

1

## JURISDICTION AND VENUE

2. This Defendant states that the matters asserted in numbered paragraph 2 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## PARTIES

3. This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

4. The statements and allegations contained in numbered paragraph 4 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, then the same are denied and strict proof is demanded thereof. Furthermore, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

5. The statements and allegations contained in numbered paragraph 5 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, then the same are denied and strict proof is demanded thereof. Furthermore, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

6. The statements and allegations contained in numbered paragraph 6 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, then the same are denied and strict proof is demanded thereof. Furthermore, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and

allegations contained in paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

7.     The statements and allegations contained in numbered paragraph 7 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, then the same are denied and strict proof is demanded thereof.  Furthermore, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

8.     This Defendant states that the matters asserted in numbered paragraph 8 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

9.     The statements and allegations contained in numbered paragraph 9 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, then the same are denied and strict proof is demanded thereof.  Furthermore, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 9 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

10.    This Defendant states that the matters asserted in numbered paragraph 10 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

11.    This Defendant admits he is a citizen of Florida. With regard to the remainder of the allegations contained in Paragraph No. 11 of the Plaintiffs' Complaint, this Defendant contends the same are legal conclusions, rather than allegations of fact, and therefore denies the same and demands strict proof in support thereof. Furthermore, to the extent any additional claims are alleged, the same are denied and strict proof is demanded in support thereof.

12.     The statements and allegations contained in numbered paragraph 12 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.  Furthermore, this Defendant states that the matters asserted in numbered paragraph 12 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

13.     The statements and allegations contained in numbered paragraph 13 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.  Furthermore, this Defendant states that the matters asserted in numbered paragraph 13 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## FACTS

14.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

15.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same and demands strict proof thereof.

16.     This Defendant denies the statements and allegations contained in paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

17.     The statements and allegations contained in numbered paragraph 17 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this

Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

18. The statements and allegations contained in numbered paragraph 18 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

19. The statements and allegations contained in numbered paragraph 19 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

20. The statements and allegations contained in numbered paragraph 20 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

21. This Defendant denies the statements and allegations contained in paragraph 21 of Plaintiffs' Complaint and demands strict proof thereof.

22. The statements and allegations contained in numbered paragraph 22 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

23. This Defendant denies the statements and allegations contained in paragraph 23 of Plaintiffs' Complaint and demands strict proof thereof.

24. This Defendant denies the statements and allegations contained in paragraph 24 of Plaintiffs' Complaint and demands strict proof thereof.

25. This Defendant denies the statements and allegations contained in paragraph 25 of Plaintiffs' Complaint and demands strict proof thereof.

26. This Defendant denies the statements and allegations contained in paragraph 26 of Plaintiffs' Complaint and demands strict proof thereof.

27. This Defendant denies the statements and allegations contained in paragraph 27 of Plaintiffs' Complaint and demands strict proof thereof.

28. This Defendant denies the statements and allegations contained in paragraph 28 of Plaintiffs' Complaint and demands strict proof thereof.

29. This Defendant admits going to the Owls Nest and Alpha on the evening of August 30, 2013, and into the early hours of August 31, 2013. This Defendant denies the remainder of the statements and allegations contained in paragraph 29 of Plaintiffs' Complaint and demands strict proof thereof.

30. This Defendant denies the statements and allegations contained in paragraph 30 of Plaintiffs' Complaint and demands strict proof thereof.

31. This Defendant denies the statements and allegations contained in paragraph 31 of Plaintiffs' Complaint and demands strict proof thereof.

32. The statements and allegations contained in numbered paragraph 32 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

33. The Defendant denies the statements and allegations contained in paragraph 33 of Plaintiffs' Complaint and demands strict proof thereof.

34. The statements and allegations contained in numbered paragraph 34 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

35. The statements and allegations contained in numbered paragraph 35 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this

Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

36. This Defendant states that the matters asserted in numbered paragraph 36 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

37. This Defendant states that the matters asserted in numbered paragraph 37 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore does not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

38. This Defendant states that the matters asserted in numbered paragraph 38 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore does not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

39. This Defendant states that the matters asserted in numbered paragraph 39 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore does not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

40. This Defendant denies the statements and allegations contained in paragraph 40 of Plaintiffs' Complaint and demands strict proof thereof.

41. This Defendant denies the statements and allegations contained in paragraph 41 of Plaintiffs' Complaint and demands strict proof thereof.

42. This Defendant denies the statements and allegations contained in paragraph 42 of Plaintiffs' Complaint and demands strict proof thereof.

43. This Defendant denies the statements and allegations contained in paragraph 43 of Plaintiffs' Complaint and demands strict proof thereof.

44. The statements and allegations contained in numbered paragraph 44 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof. Furthermore, this Defendant states that the matters asserted in numbered paragraph 44 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

45. The statements and allegations contained in numbered paragraph 45 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof. Furthermore, this Defendant states that the matters asserted in numbered paragraph 45 of the Plaintiffs' Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

46. The statements and allegations contained in numbered paragraph 46 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

47. The statements and allegations contained in numbered paragraph 47 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

48. The Defendant denies the statements and allegations contained in paragraph 48 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT 1 – NEGLIGENCE

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representative of the Estate of KEVIN FIGANIAK, deceased v. OWLS NEST

49.     This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 48 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

50.     The statements and allegations contained in numbered paragraph 50 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

51.     The statements and allegations contained in numbered paragraph 51 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

## COUNT II – NEGLIGENCE

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representative of the Estate of KEVIN FIGANIAK, deceased v. ALPHA

52.     This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 51 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

53.     The statements and allegations contained in numbered paragraph 53 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

54.     The statements and allegations contained in numbered paragraph 54 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant.  However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

55.     The statements and allegations contained in numbered paragraph 55 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this

Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

### COUNT III – NEGLIGENCE

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representative of the Estate of KEVIN FIGANIAK, deceased v. CHANDLER**

56. This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 55 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

57. The statements and allegations contained in numbered paragraph 57 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

58. The statements and allegations contained in numbered paragraph 58 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

59. The statements and allegations contained in numbered paragraph 59 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

### COUNT IV – ASSAULT & BATTERY

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representative of the Estate of KEVIN FIGANIAK, deceased v. CHANDLER**

60. This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 59 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

61. The statements and allegations contained in numbered paragraph 61 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

62. The statements and allegations contained in numbered paragraph 62 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

63. The statements and allegations contained in numbered paragraph 63 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

64. The statements and allegations contained in numbered paragraph 64 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

65. The statements and allegations contained in numbered paragraph 65 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

66. The statements and allegations contained in numbered paragraph 66 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

### **COUNT V – NEGLIGENCE**

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. PEACOCK**

67. This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 66 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

68. This Defendant denies the statements and allegations contained in paragraph 68 of Plaintiffs' Complaint and demands strict proof thereof.

69. This Defendant denies the statements and allegations contained in paragraph 69 of Plaintiffs' Complaint and demands strict proof thereof.

70. This Defendant denies the statements and allegations contained in paragraph 70 of Plaintiffs' Complaint and demands strict proof thereof.

### COUNT VI – ASSAULT & BATTERY

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. PEACOCK

71. This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 70 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

72. This Defendant denies the statements and allegations contained in paragraph 72 of Plaintiffs' Complaint and demands strict proof thereof.

73. This Defendant denies the statements and allegations contained in paragraph 73 of Plaintiffs' Complaint and demands strict proof thereof.

74. This Defendant denies the statements and allegations contained in paragraph 74 of Plaintiffs' Complaint and demands strict proof thereof.

75. This Defendant denies the statements and allegations contained in paragraph 75 of Plaintiffs' Complaint and demands strict proof thereof.

76. This Defendant denies the statements and allegations contained in paragraph 76 of Plaintiffs' Complaint and demands strict proof thereof.

77. This Defendant denies the statements and allegations contained in paragraph 77 of Plaintiffs' Complaint and demands strict proof thereof.

### COUNT VII – NEGLIGENCE

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. JOHNSON

78. This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 77 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

79.     The statements and allegations contained in numbered paragraph 79 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

80.     The statements and allegations contained in numbered paragraph 80 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

81.     The statements and allegations contained in numbered paragraph 81 of Plaintiffs' Complaint are not directed to this Defendant, and therefore do not require a response by this Defendant. However, if any statements and allegations are directed to this Defendant, the same are denied and strict proof is demanded in support thereof.

## COUNT VIII – WRONGFUL DEATH

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. ALL DEFENDANTS**

82.     This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 81 of the Answer to Plaintiffs' Complaint as set forth verbatim herein.

83.     This Defendant denies the statements and allegations contained in paragraph 83 of Plaintiffs' Complaint and demands strict proof thereof.

84.     Paragraph 84 of Plaintiffs' Complaint speaks for itself and therefore requires no response by this Defendant. To the extent there are any factual allegations contained in paragraph 84 of Plaintiffs' Complaint, the same are denied and strict proof is demanded thereof.

85.     This Defendant denies the statements and allegations contained in paragraph 85 of Plaintiffs' Complaint and demands strict proof thereof.

86.     This Defendant denies the statements and allegations contained in paragraph 86 of Plaintiffs' Complaint and demands strict proof thereof.

87. This Defendant denies the statements and allegations contained in paragraph 87 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT VIII – SURVIVAL

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. ALL DEFENDANTS

88. This Defendant reasserts his responses as set forth in numbered paragraphs 1 through 87 of the Answer to Plaintiffs' Complaint as set forth verbatim herein

89. Paragraph 89 of Plaintiffs' Complaint speaks for itself and therefore requires no response by this Defendant. To the extent there are any factual allegations contained in paragraph 89 of Plaintiffs' Complaint, the same are denied and strict proof is demanded thereof.

90. This Defendant denies the statements and allegations contained in paragraph 90 of Plaintiffs' Complaint and demands strict proof thereof.

## DAMAGES

91. This Defendant denies the statements and allegations contained in paragraph 91 of Plaintiffs' Complaint and demands strict proof thereof.

92. This Defendant denies the statements and allegations contained in paragraph 92 of Plaintiffs' Complaint and demands strict proof thereof.

93. This Defendant denies the statements and allegations contained in paragraph 93 of Plaintiffs' Complaint and demands strict proof thereof.

94. This Defendant denies the statements and allegations contained in paragraph 94 of Plaintiffs' Complaint and demands strict proof thereof.

95. This Defendant denies the statements and allegations contained in paragraph 95 of Plaintiffs' Complaint and demands strict proof thereof.

96. This Defendant denies the statements and allegations contained in paragraph 96 of Plaintiffs' Complaint and demands strict proof thereof.

97. This Defendant denies the statements and allegations contained in paragraph 97 of Plaintiffs' Complaint and demands strict proof thereof.

98. This Defendant denies the statements and allegations contained in paragraph 98 of Plaintiffs' Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

### First Defense

This Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto it the defense that claims set forth in the Complaint fail or may fail to state claims against this defendant upon which relief may be granted and should, therefore, be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

The Complaint against this Defendant is or may be barred by applicable statute of limitations.

### Third Defense

The injuries and damages of which the plaintiffs complains were not caused or contributed to by this Defendant.

### Fourth Defense

This Defendant raises the defenses of contribution and indemnity from other defendants and reserves the right to assert such defenses against any other party to the extent that such defenses may be supported by subsequently discovered facts.

### Fifth Defense

Plaintiffs have sustained no damage as a result of any action or inaction on the part of this Defendant.

### Sixth Defense

This Defendant committed no negligence proximately causing or contributing to the damages allegedly sustained by the plaintiff.

**Seventh Defense**

If this Defendant was negligent, which negligence is denied, such negligence was not the proximate or contributing cause of the damages allegedly sustained by the plaintiffs.

**Eighth Defense**

This Defendant hereby affirmatively asserts the defenses of contributory negligence, comparative negligence, modified comparative negligence, assumption of the risk, accord and satisfaction, laches, and any other matter constituting an avoidance or affirmative defense under Rules 8 or 12 of the Federal Rules of Civil Procedure, which may later prove applicable though the course of discovery.

**Ninth Defense**

This Defendant denies any and all allegations contained in the several paragraphs of the Plaintiffs' Complaint that allege or imply any negligence, strict liability in tort, carelessness or other fault or wrongful conduct on the part of this Defendant that allege or imply any fraudulent misrepresentations, that allege or imply any willful, wanton, reckless or other misconduct on the part of this Defendant, that allege or imply any responsibility, failure to meet a responsibility, or violation of duty by this Defendant, or that allege or imply that this Defendant violated any applicable statutes, rules, regulations, or industry standards.

**Tenth Defense**

This Defendant, not being fully advised of the circumstances surrounding the allegations set forth in the Complaint, reserves unto himself the affirmative defense that the claims of the plaintiffs are or may be barred by the doctrine of comparative fault or comparative negligence, or that the comparative fault or negligence on the part of the plaintiffs will serve to diminish any award of damages which may ultimately be assessed in this case, as these defenses may prove applicable, as the discovery proceeds and the evidence is developed in this case.

**Eleventh Defense**

This Defendant, not being fully advised of the circumstances surrounding the allegations set forth in the Complaint, reserves unto himself the affirmative defense that the injuries and

damages if any, claimed by the plaintiffs were proximately caused, in whole or in part, by persons or entities other than this Defendant.

### Twelfth Defense

This Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto himself the affirmative defense that Plaintiffs' claims for exemplary or punitive damages are or may be barred on the ground that an award of such damages would deprive this Defendant of his constitutional right to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia. This Defendant avers that he did not participate, engage or assist in any act or conduct which could form the basis for an award of punitive damages, and that such punitive damages are, therefore, not recoverable to any extent whatsoever against this Defendant.

### Thirteenth Defense

Plaintiffs' request for punitive damages cannot be sustained, because the applicable laws regarding the standards for determining liability for and the amount of punitive damages fail to give this defendant prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are, therefore, void for vagueness in violation of this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of West Virginia.

### Fourteenth Defense

Plaintiffs' request for punitive damages cannot be sustained, because an award of punitive damages under state law, subject to no predetermined limit, would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of West Virginia, and would further violate this Defendant's right not to be subjected to an excessive fine or award in violation of the Eighth Amendment of the United States Constitution and the Constitution of the State of West Virginia.

### Fifteenth Defense

This Defendant reserves the right to raise all other applicable affirmative defenses and other defenses as he learns more about this case through the discovery process.

### Sixteenth Defense

Any allegations contained in the Plaintiffs' Complaint not specifically answered or responded to herein are hereby expressly denied.

### Seventeenth Defense

This Defendants specifically assert all common law, statutory and Constitutional immunities afforded under State and Federal law.

### Eighteenth Defense

This Defendants reserve the right to file additional cross-claims, counterclaims, or third-party complaints if the evidence warrants the filing of these claims.

### Nineteenth Defense

This Defendant does not, by asserting affirmative defenses herein, assume the burden of proof in this case, which remains with the Plaintiffs.

### **JURY DEMAND**

This Defendant respectfully demands a trial by Jury on all issues so triable.

WHEREFORE, this Defendant prays for relief in the form of the following:

1. An Order dismissing all claims against it herein with prejudice;

2. An award of attorneys' fees and other costs incurred in the defense of this case; and,

3. Any further relief as may be authorized by law and deemed appropriate by the Answer.

Dated this 16th day of November, 2015.

                By Counsel,

                */s/ Kenneth L. Hopper*
                J. Victor Flanagan, WV State Bar No. 5254
                Kenneth L. Hopper, WV State Bar No. 11158

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV 26508
Telephone:  (304) 225-2200
Facsimile:  (304) 225-2214

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Wheeling Division

**THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK,**
as Administrators of the Estate Kevin
Figaniak,

      **Plaintiffs,**

v.                                                                      CIVIL ACTION NO.: 5:15-cv-111

**FRATERNAL ORDER OF OWL'S HOME
NEST, LOYAL ORDER OF OWLS NEST
LODGE 2558 d/b/a THE OWLS NEST, a
West Virginia corporation, YE OLDE
ALPHA, INC., a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually, and
TYLER JOHNSON, individually,**

      **Defendants.**

**CERTIFICATE OF SERVICE**

      The undersigned, counsel of record for Defendant, does hereby certify on this 16th day of November, 2015, that a true copy of the foregoing "***Defendant, Craig Tyler Peacock's Answer to Complaint***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: kim@buccilawfirm.com, Guy R. Bucci, Esq.; jgoodman@smbb.com, Jeffrey P. Goodman, Esq.; rmongeluzzi@smbb.com, Robert Mongeluzzi, Esq.; and, michelle.dougherty@steptoe-johnson.com, Michelle Dougherty, Esq.

                                                    */s/ Kenneth L. Hopper*
                                                    J. Victor Flanagan, WV State Bar No. 5254
                                                    Kenneth L. Hopper, WV State Bar No. 11158

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV  26508
Telephone:   (304) 225-2200
Facsimile:    (304) 225-2214