IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

      Plaintiffs,

v.                                 Civil Action No.: 5:15-CV-00111
                                 Hon. Frederick P. Stamp, Jr., Senior Judge

FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558
d/b/a THE OWLS NEST, a West Virginia corporation,
YE OLDE ALPHA, INC., a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually, and      **JURY TRIAL DEMANDED**
TYLER JOHNSON, individually,

      Defendants.

**DEFENDANT CHANDLER'S ANSWER TO THE PLAINTIFFS' COMPLAINT
AND CROSS CLAIM FOR INDEMNIFICATION AND CONTRIBUTION**

      Defendant Jarrett Chandler, by counsel, G. Thomas Smith, Esquire, M. Winiesdorffer-Schirripa, Esquire, and the law offices of Smith, McMunn and Glover, comes now to file an Answer to the plaintiffs' Complaint as follows:

First Defense
Answer to the Complaint – Nature of the Action

      1.     The statements contained in paragraph numbered 1 of the plaintiffs' Complaint are comprised of legal conclusions to which no response is required of this defendant.

Jurisdiction and Venue

2.      The statements contained in paragraph numbered 2 of the plaintiffs' Complaint are comprised of legal conclusions to which no response is required of this defendant.

Parties

3.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 3 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

4.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 4 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

5.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 5 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

6.      The statement contained in paragraph numbered 6 of the plaintiffs' Complaint does not contain any allegations to which a response is required of this defendant.

7.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 7 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

8.      The statement contained in paragraph numbered 8 of the plaintiffs' Complaint does not contain any allegations to which a response is required of this defendant.

9.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 9 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

10.     The statement contained in paragraph numbered 10 of the plaintiffs' Complaint does not contain any allegations to which a response is required of this defendant.

11.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 11 of the plaintiffs' Complaint and to the extent that the plaintiffs' assertions in paragraph numbered 11 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

12.     With regard to paragraph numbered 12 of the plaintiffs' Complaint, this answering defendant will admit that he is a resident of Louisiana and that this Court has personal jurisdiction over him.  To the extent that the plaintiffs' assertions in paragraph numbered 12 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

13.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 13 of the plaintiffs' Complaint and to the extent that the plaintiffs' assertions in paragraph numbered 13 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

Facts

14.     With regard to paragraph numbered 14 of the plaintiffs' Complaint this answering defendant is without sufficient information to admit or deny where the decedent and defendant Johnson were walking and if they were friends.  As for the remainder of the allegations plead in paragraph numbered 14 of the plaintiffs' Complaint, this answering defendant does not have any reason to dispute said allegations at this time.

15.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 15 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

16.     To the extent that the allegations contained in paragraph numbered 16 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

17.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 17 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

18.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 18 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

19.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 19 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

20.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 20 of the plaintiffs' Complaint but does not have any reason to dispute said allegations at this time.

21.     With regard to paragraph numbered 21 of the plaintiff's Complaint this defendant is without sufficient information to admit or deny where the decedent and defendant Johnson were walking.  To the extent that the assertions in paragraph numbered 21 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

22.    This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 22 of the plaintiffs' Complaint. To the extent that the assertions in paragraph numbered 22 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

23.    To the extent that the allegations contained in paragraph numbered 23 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

24.    To the extent that the allegations contained in paragraph numbered 24 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

25.    This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 25 of the plaintiffs' Complaint and to the extent that the plaintiffs' assertions in paragraph numbered 25 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

26.    To the extent that the allegations contained in paragraph numbered 26 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

27.    To the extent that the allegations as plead in paragraph numbered 27 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

28.    To the extent that the allegations contained in paragraph numbered 28 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

29.    To the extent that the allegations contained in paragraph numbered 29 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

30.    To the extent that the allegations contained in paragraph numbered 30 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

31.     To the extent that the allegations contained in paragraph numbered 31 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

32.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 32 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

33.     This defendant is without sufficient information to admit or deny the allegations regarding defendant Peacock's denial of service at Jill's.  To the extent that the remaining assertions in paragraph numbered 33 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

34.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 34 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

35.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 35 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

36.     This answering defendant admits the allegations contained in paragraph numbered 36 of the plaintiffs' Complaint.

37.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph numbered 37 of the plaintiffs' Complaint but does not have any reason to dispute said allegation at this time.

38.     This answering defendant denies the allegations as plead in paragraph numbered 38 of the plaintiffs' Complaint.

6

39.     This answering defendant denies the allegations as plead in paragraph numbered 39 of the plaintiffs' Complaint.

40.     Upon information and belief this answering defendant denies the allegations as plead in paragraph numbered 40 of the plaintiffs' Complaint.

41.     To the extent that the allegations contained in paragraph numbered 41 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

42.     Upon information and belief this answering defendant denies the allegations as plead in paragraph numbered 42 of the plaintiffs' Complaint.

43.     To the extent that the allegations contained in paragraph numbered 43 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

44.     To the extent that the allegations contained in paragraph numbered 44 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

45.     To the extent that the allegations contained in paragraph numbered 45 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

46.     To the extent that the allegations contained in paragraph numbered 46 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

47.     To the extent that the allegations contained in paragraph numbered 47 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

48.     To the extent that the allegations contained in paragraph numbered 48 of the plaintiffs' Complaint are directed to this answering defendant, the same are denied.

<u>Count 1 - Negligence of Owls Nest</u>

49.     As for paragraph numbered 49 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that

this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

50.     With regard to paragraph numbered 50 of the plaintiffs' Complaint including subparagraphs labeled a through r, to the extent that said allegations can be construed to assert liability towards this answering defendant, the same are denied at this time.

51.     To the extent that the allegations contained in paragraph numbered 51 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

<u>Count II – Negligence of the Alpha</u>

52.     As for paragraph numbered 52 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

53.     With regard to paragraph numbered 53 of the plaintiffs' Complaint including subparagraphs labeled a through s, to the extent that said allegations can be construed to assert liability towards this answering defendant, the same are denied at this time.

54.     To the extent that the allegations contained in paragraph numbered 54 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

55.     To the extent that the allegations contained in paragraph numbered 55 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same are denied at this time.

<u>Count III – Negligence of Defendant Chandler</u>

56.     As for paragraph numbered 56 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

57.     This answering defendant denies the allegations as plead in paragraph numbered 57 of the plaintiffs' Complaint.

58.     This answering defendant denies the allegations as plead in paragraph numbered 58 of the plaintiffs' Complaint, including subparagraphs labeled a through i.

59.     This answering defendant denies the allegations as plead in paragraph numbered 59 of the plaintiffs' Complaint.

<u>Count IV – Assault and Battery – Defendant Chandler</u>

60.     As for paragraph numbered 60 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

61.     This answering defendant denies the allegations as plead in paragraph numbered 61 of the plaintiffs' Complaint.

62.     This answering defendant denies the allegations as plead in paragraph numbered 62 of the plaintiffs' Complaint.

63.     This answering defendant denies the allegations as plead in paragraph numbered 63 of the plaintiffs' Complaint.

64.     This answering defendant denies the all the allegations as plead in paragraph numbered 64 of the plaintiffs' Complaint, including the subsections regarding battery and assault.

65.     This answering defendant denies the allegations as plead in paragraph numbered 65 of the plaintiffs' Complaint.

66.     This answering defendant denies the allegations as plead in paragraph numbered 66 of the plaintiffs' Complaint.

<u>Count V – Negligence of Defendant Peacock</u>

67.     As for paragraph numbered 67 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

68.     To the extent that the allegations contained in paragraph numbered 68 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 68 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

69.     To the extent that the allegations contained in paragraph numbered 69, including subparagraphs labeled a through k of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 69 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

70.     To the extent that the allegations contained in paragraph numbered 70 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 70 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

<u>County VI - Assault and Battery – Defendant Peacock</u>

71.     As for paragraph numbered 71 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

72.     To the extent that the allegations contained in paragraph numbered 72 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 72 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

73.     To the extent that the allegations contained in paragraph numbered 73 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 73 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

74.     To the extent that the allegations contained in paragraph numbered 74 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 74 of the plaintiffs' Complaint

can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

75.    To the extent that the allegations contained in paragraph numbered 75, including the subsections regarding battery and assault of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 75, including the subsections regarding battery and assault of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

76.    To the extent that the allegations contained in paragraph numbered 76 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 76 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

77.    To the extent that the allegations contained in paragraph numbered 77 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 77 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

<u>Count VII – Negligence of Defendant Johnson</u>

78.    As for paragraph numbered 78 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

79.     To the extent that the allegations contained in paragraph numbered 79 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 79 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

80.     To the extent that the allegations contained in paragraph numbered 80, including subparagraphs labeled a through c of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 80 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

81.     To the extent that the allegations contained in paragraph numbered 81 of the plaintiffs' Complaint are not directed to this answering defendant, a response is not required.  To the extent that the plaintiffs' assertions in paragraph numbered 81 of the plaintiffs' Complaint can be construed to assert liability towards this answering defendant, the same as plead are denied at this time.

<u>County VIII – Wrongful Death</u>

82.     As for paragraph numbered 82 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

83.     To the extent that the allegations contained in paragraph numbered 83 of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

84.     The statement contained in paragraph numbered 84 of the plaintiffs' Complaint does not contain any allegations to which a response is required of this defendant.

85.     To the extent that the allegations contained in paragraph numbered 85 of the plaintiffs' Complaint are directed towards this answering defendant, the same are denied at this time.

86.     To the extent that the allegations contained in paragraph numbered 86 of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

87.     To the extent that the allegations contained in paragraph numbered 87 of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

Count IX – Survival

88.     As for paragraph numbered 88 of the plaintiffs' Complaint, it is admitted that the plaintiffs have incorporated the paragraphs mentioned by reference while it should be noted that this defendant also incorporates by reference his affirmative defenses and answers to the averments contained in those paragraphs.

89.     The statement contained in paragraph numbered 89 of the plaintiffs' Complaint does not contain any allegations to which a response is required of this defendant.

90.     To the extent that the allegations contained in paragraph numbered 90 of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

Damages

91.     To the extent that the allegations contained in paragraph numbered 91 of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

92.     To the extent that the allegations contained in paragraph numbered 92 of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

93.     To the extent that the allegations contained in paragraph numbered 93, including subparagraphs numbered a through d of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

94.     To the extent that the allegations contained in paragraph numbered 94 after the wherefore clause of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

95.     To the extent that the allegations contained in paragraph numbered 95 after the wherefore clause of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

96.     To the extent that the allegations contained in paragraph numbered 96 after the wherefore clause of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

97.     To the extent that the allegations contained in paragraph numbered 97 after the wherefore clause of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

98.     To the extent that the allegations contained in paragraph numbered 98 after the wherefore clause of the plaintiffs' Complaint are directed towards this answering defendant, the same as plead are denied at this time.

<u>Second Defense</u>

As discovery has yet to occur in this civil matter, this defendant generally asserts as the allegations in the plaintiffs' Complaint relate to him and his interactions with the decedent that the decedent may have responsibility for the altercation which equals the responsibility of this answering defendant and therefore bars any recovery on his behalf.

<u>Third Defense</u>

The plaintiff's alleged injuries, damages, and/or losses were, or may have been, caused by third persons over whom this defendant had no control, and for whose conduct this defendant was not responsible.

<u>Fourth Defense</u>

The plaintiffs are, or may be, barred in whole or in part, to the extent that they have or may have failed to mitigate their damages.

<u>Fifth Defense</u>

The plaintiffs' alleged injuries, damages, and/or losses, if any, are or may be barred in whole or in part for the reason that said damages were caused, if at all, not by the acts or omissions of this defendant, but by intervening or superseding acts or by pre-existing conditions.

<u>Sixth Defense</u>

Plaintiffs' request for damages, if intended to punish this defendant or if they can be seen or are plead to be punitive in nature, violates the defendant's right to both procedural and substantive due process under the West Virginia Constitution and United States Constitution.

16

### Seventh Defense

This defendant expressly reserves the right to file cross-claims, counter claims or third party complaints against any and all parties and/or potential third party defendants as warranted.

### Eighth Defense

This defendant adopts and incorporates by reference all other applicable affirmative defenses stated by any and all other defendants which are not specifically enumerated herein.

### Ninth Defense

Not being fully advised as to the facts and circumstances surrounding the plaintiffs' Complaint this defendant reserves unto himself the right to assert any and all additional affirmative defenses, which by discovery or otherwise may become applicable herein, including, but not limited to comparative negligence, self-defense of one's person to a perceived risk, assumption of the risk, sudden emergency\impaired mental state, the statute of limitations, the statute of repose, laches, waiver, estoppel, release, accord and satisfaction and all other matters contemplated by Rules 8, 12, 14 and 19 of the West Virginia Rules of Civil Procedure and the Federal Rules of Civil Procedure and any other legal doctrine or matter constituting an avoidance of liability or affirmative defense.

WHEREFORE, this defendant prays that the plaintiffs' Complaint filed against him be dismissed and that he be awarded his costs and expenses in and about the defense of this action and for any such other relief the Court deems proper.

## CROSS CLAIM OF DEFENDANT JARRETT CHANDLER AGAINST THE REMAINING DEFENDANTS

1.     The civil Complaint filed by the Administrators of the Estate of Kevin Figaniak alleges misconduct and liability against defendant Jarrett Chandler, which he has denied as it has been plead.

2.     In the event that a jury concludes that Jarrett Chandler is at fault which allows the Estate of Kevin Figaniak to recover damages against him, then this defendant requests contribution and/or implied indemnification from the remaining defendants, namely, the Fraternal Order of Owl's Home Nest, Loyal Order of Owls Nest Lodge 2558 d/b/a The Owls Nest, a West Virginia Corporation, Ye Olde Alpha, Inc., a West Virginia Corporation, Craig Tyler Peacock, individually and Tyler Johnson, individually.

WHEREFORE, defendant Jarrett Chandler respectfully requests contribution and implied indemnification from the remaining defendants as outlined above and for any such other relief the Court deems appropriate against the remaining defendants in this matter.

Respectfully submitted:

/s/ M. Winiesdorffer-Schirripa
M. Winiesdorffer-Schirripa, Esq. (WV #8023)
G. Thomas Smith, Esq. (WV #4617)
SMITH, MCMUNN & GLOVER, PLLC
516 W. Main Street
Clarksburg, WV  26301
(304) 905-8850
(304) 277-8299 fax
(304) 326-6000
(304) 326-4000 fax
mwschirripa@comcast.net
attytsmith@aol.com

*Counsel for Defendant Jarrett Chandler*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION


THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

      Plaintiffs,


v.                                             Civil Action No.: 5:15-CV-00111
                                             Hon. Frederick P. Stamp, Jr., Senior Judge


FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558
d/b/a THE OWLS NEST, a West Virginia corporation,
YE OLDE ALPHA, INC., a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually, and              **JURY TRIAL DEMANDED**
TYLER JOHNSON, individually,


      Defendants.

**CERTIFICATE OF SERVICE**

      I hereby certify that on **November 17, 2015**, I electronically filed **Defendant Chandler's Answer to the Plaintiffs' Complaint and Cross Claim for Indemnification and Contribution** with the Clerk of the Court using the CM/ECMF system, which will send notification of such filing to the following that have entered an appearance in this matter.


Guy R. Bucci, Esquire                    Michelle Lee Dougherty, Esquire
Bucci Law Firm                               Steptoe & Johnson, PLLC
112 Capitol Street, Suite 200              1233 Main Street, Suite 3000
Charleston, WV  25301                     PO Box 751
kim@buccilawfirm.com                    Wheeling, WV 26003
                                         michelle.dougherty@steptoe-johnson.com
&                                *Counsel for Defendant*
                                  *Fraternal Order of Owls Home Nest, Inc.*

19

Robert Mongeluzzi, Esquire
Jeffery P. Goodman, Esquire
*Admitted in this matter Pro Hac Vice*
Saltiz, Mongeluzzi, Barrett and Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA  19103
rmongeluzzi@smbb.com
jgoodman@smbb.com
*Counsel for Plaintiffs*

J. Victor Flanagan, Esquire
Kenneth L. Hopper, Esquire
Pullin Fowler Flanagan Brown & Poe, PLLC
2414 Cranberry Square
Morgantown, WV  26508
vflanagan@pffwv.com
khopper@pffwv.com
*Counsel for Defendant Peacock*

Respectfully submitted,

By      /s/ M. Winiesdorffer-Schirripa
M. Winiesdorffer-Schirripa, Esq. (WV #8023)
G. Thomas Smith, Esq. (WV #4617)
SMITH, MCMUNN & GLOVER, PLLC
516 W. Main Street
Clarksburg, WV  26301
(304) 905-8850
(304) 277-8299 fax
(304) 326-6000
(304) 326-4000 fax
mwschirripa@comcast.net
attytsmith@aol.com

*Counsel for Defendant Jarrett Chandler*