IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

      Plaintiffs,

    v.                              CIVIL ACTION NO. 5:15-CV-111 (Stamp)

FRATERNAL ORDER OF OWL'S
HOME NEST, LOYAL ORDER OF
OWLS NEST LODGE 2558 d/b/a THE
OWLS NEST, a West Virginia
corporation, YE OLDE ALPHA, INC., a
West Virginia corporation, CRAIG
TYLER PEACOCK, individually,
JARRETT CHANDLER, individually,
and TYLER JOHNSON, individually,

      Defendants.

**DEFENDANT, LOYAL ORDER OF OWLS NEST LODGE
2558 d/b/a THE OWLS NEST's ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT & CROSS CLAIMS**

      AND NOW COMES Defendant, Loyal Order of Owls Nest Lodge 2558 d/b/a the Owls Nest, by and through counsel Burns White LLC, and answers the Complaint as follows:

**NATURE OF THE ACTION**

1. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 1 of the Plaintiff's Complaint, and therefore deny the same.

**JURISDICTION AND VENUE**

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint set forth legal conclusions to which no response is required.

## PARTIES

3. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 3 of the Plaintiff's Complaint, and therefore deny the same.

4. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 4 of the Plaintiff's Complaint, and therefore deny the same.

5. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 5 of the Plaintiff's Complaint, and therefore deny the same.

6. The allegations contained in Paragraph 6 of the Plaintiff's Complaint do not require a response.

7. Defendant admits the allegations contained within Paragraph 7 of the Plaintiff's Complaint.

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint set forth conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies the same.

9. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 9 of the Plaintiff's Complaint, and therefore deny the same.

10. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 10 of the Plaintiff's Complaint, and therefore deny the same.

11. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 11 of the Plaintiff's Complaint, and therefore deny the same.

12. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 12 of the Plaintiff's Complaint, and therefore deny the same.

13. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 13 of the Plaintiff's Complaint, and therefore deny the same.

## FACTS

14. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 14 of the Plaintiff's Complaint, and therefore deny the same.

15. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 15 of the Plaintiff's Complaint, and therefore deny the same.

16. Defendant denies the allegations that its conduct was tortious as set forth in Paragraph 16. Defendant is without information sufficient to admit or deny the remaining allegations contained within Paragraph 16 of the Plaintiff's Complaint, and therefore deny the same.

17. Defendant admits the allegations set forth in paragraph 17 to the extent that it is located in Wheeling, Ohio County, West Virginia and does operate a bar, restaurant, and/or nightclub that sells and/or dispenses alcoholic beverages.

18. The allegations contained in Paragraph 18 of the Plaintiff's Complaint set forth conclusions of law to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations.

19. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 19 of the Plaintiff's Complaint, and therefore deny the same.

20. The allegations contained in Paragraph 20 of the Plaintiff's Complaint set forth conclusions of law to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations.

21. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 21 of the Plaintiff's Complaint, and therefore deny the same.

22. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 22 of the Plaintiff's Complaint, and therefore deny the same.

23. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 23 of the Plaintiff's Complaint, and therefore deny the same.

24. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 24 of the Plaintiff's Complaint, and therefore deny the same.

25. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 25 of the Plaintiff's Complaint, and therefore deny the same.

26. Defendant denies the allegations set forth in Paragraph 26 of the Plaintiff's Complaint

27. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 27 of the Plaintiff's Complaint, and therefore deny the same.

28. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 28 of the Plaintiff's Complaint, and therefore deny the same.

29. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 29 of the Plaintiff's Complaint, and therefore deny the same.

30. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 30 of the Plaintiff's Complaint, and therefore deny the same.

31. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 31 of the Plaintiff's Complaint, and therefore deny the same.

32. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 32 of the Plaintiff's Complaint, and therefore deny the same.

33. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 33 of the Plaintiff's Complaint, and therefore deny the same.

34. The allegations contained in Paragraph 34 of the Plaintiff's Complaint set forth conclusions of law to which no response is required. To the extent that an answer is required, Defendant admits the same.

35. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 35 of the Plaintiff's Complaint, and therefore deny the same.

36. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 36 of the Plaintiff's Complaint, and therefore deny the same.

37. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 37 of the Plaintiff's Complaint, and therefore deny the same.

38. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 38 of the Plaintiff's Complaint, and therefore deny the same.

39. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 39 of the Plaintiff's Complaint, and therefore deny the same.

40. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 40 of the Plaintiff's Complaint, and therefore deny the same.

41. The allegations contained in Paragraph 41 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the same.

42. Defendant is without information sufficient to admit or deny the allegations contained within Paragraph 42 of the Plaintiff's Complaint, and therefore deny the same.

43. The allegations contained in Paragraph 43 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required,

      Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

44. The allegations contained in Paragraph 44 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the same.

45. The allegations contained in Paragraph 45 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

46. The allegations contained in Paragraph 46 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the same.

47. The allegations contained in Paragraph 47 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

48. The allegations contained in Paragraph 48 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the same.

## COUNT I – NEGLIGENCE

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. OWLS NEST**

49. The allegations contained in Paragraph 49 of the Plaintiff's Complaint do not require a response.

50. The allegations contained in Paragraph 50(a)-(r) of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the same.

51. Defendant denies that its actions were negligent and/or caused the injuries suffered as set forth in Paragraph 51. Defendant is without information sufficient to admit or deny the remaining allegations contained within Paragraph 51 of the Plaintiff's Complaint, and therefore deny the same.

### COUNT II – NEGLIGENCE

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. ALPHA**

52. The allegations contained in Paragraph 52 of the Plaintiff's Complaint do not require a response.

53. The allegations contained in Paragraph 53(a)-(s) of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

54. The allegations contained in Paragraph 54 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

55. The allegations contained in Paragraph 55 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## COUNT III – NEGLIGENCE

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. CHANDLER

56. The allegations contained in Paragraph 56 of the Plaintiff's Complaint do not require a response.

57. The allegations contained in Paragraph 57 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

58. The allegations contained in Paragraph 58(a)-(i) of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

59. The allegations contained in Paragraph 59 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## COUNT IV – ASSAULT AND BATTERY

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. CHANDLER

60. The allegations contained in Paragraph 60 of the Plaintiff's Complaint do not require a response.

61. The allegations contained in Paragraph 61 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required,

   Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

62. The allegations contained in Paragraph 62 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

63. The allegations contained in Paragraph 63 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

64. The allegations contained in Paragraph 64 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

65. The allegations contained in Paragraph 65 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

66. The allegations contained in Paragraph 66 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## COUNT V – NEGLIGENCE

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. PEACOCK

67. The allegations contained in Paragraph 67 of the Plaintiff's Complaint do not require a response.

68. The allegations contained in Paragraph 68 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

69. The allegations contained in Paragraph 69(a)-(k) of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

70. The allegations contained in Paragraph 70 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## COUNT VI – ASSAULT AND BATTERY

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. PEACOCK

71. The allegations contained in Paragraph 71 of the Plaintiff's Complaint do not require a response.

72. The allegations contained in Paragraph 72 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required,

       Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

73. The allegations contained in Paragraph 73 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

74. The allegations contained in Paragraph 74 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

75. The allegations contained in Paragraph 75 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

76. The allegations contained in Paragraph 76 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

77. The allegations contained in Paragraph 77 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## COUNT VII – NEGLIGENCE

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. JOHNSON

78. The allegations contained in Paragraph 78 of the Plaintiff's Complaint do not require a response.

79. The allegations contained in Paragraph 79 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

80. The allegations contained in Paragraph 80(a)-(c) of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

81. The allegations contained in Paragraph 81 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## COUNT VIII – WRONGFUL DEATH

### THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. ALL DEFENDANTS

82. The allegations contained in Paragraph 82 of the Plaintiff's Complaint do not require a response.

83. Defendant denies the allegations as set forth against it as alleged in Paragraph 83.

84. The allegations contained in Paragraph 84 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

85. Defendant denies the allegations that its conduct was tortious as set forth in Paragraph 85. Defendant is without information sufficient to admit or deny the remaining allegations contained within Paragraph 85 of the Plaintiff's Complaint, and therefore deny the same.

86. Defendant denies the allegations that its conduct was tortious as set forth in Paragraph 86. Defendant is without information sufficient to admit or deny the remaining allegations contained within Paragraph 86 of the Plaintiff's Complaint, and therefore deny the same.

87. Defendant denies the allegations that its conduct was tortious as set forth in Paragraph 87. Defendant is without information sufficient to admit or deny the remaining allegations contained within Paragraph 87 of the Plaintiff's Complaint, and therefore deny the same.

## COUNT IX – SURVIVAL

**THOMAS and VALERIE FIGANIAK, as Co-Administrators and Personal Representatives of the Estate of KEVIN FIGANIAK, deceased v. ALL DEFENDANTS**

88. The allegations contained in Paragraph 88 of the Plaintiff's Complaint do not require a response.

89. The allegations contained in Paragraph 89 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

90. The allegations contained in Paragraph 90 of the Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that an answer is required,

Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore deny the same.

## DAMAGES

91. Defendant denies the allegations as set forth against it as alleged in Paragraph 91.

92. Defendant denies the allegations as set forth against it as alleged in Paragraph 92.

93. Defendant denies the allegations as set forth against it as alleged in Paragraph 93(a)-(d).

94. Defendant denies the allegations as set forth against it as alleged in Paragraph 94.

95. Defendant denies the allegations as set forth against it as alleged in Paragraph 95.

96. Defendant denies the allegations as set forth against it as alleged in Paragraph 96.

97. Defendant denies the allegations as set forth against it as alleged in Paragraph 97.

98. Defendant denies the allegations as set forth against it as alleged in Paragraph 98.

99. Defendant denies Plaintiff is entitled to any and all forms of relief as asserted and/or requested in the Complaint.

### First Affirmative Defense

Plaintiff fails to state any claim upon which relief may be granted against the within answering Defendant.

### Second Affirmative Defense

Plaintiff's claims against the within answering Defendant are barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

Plaintiff has failed to mitigate any and all alleged damages and/or injuries and said failure is a bar and/or limitation on the within answering Defendant herein.

**Fourth Affirmative Defense**

Plaintiff's alleged injuries and damages were caused by the actions of third parties over whom the within answering Defendant did not have control and/or the ability to control.

**Fifth Affirmative Defense**

Plaintiff's alleged injuries and damages were not caused by actions taken, or omissions made, by the within answering Defendant.

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to exercise ordinary and reasonable care.

**Seventh Affirmative Defense**

Any loss(es) or damages suffered by Plaintiff are a direct and proximate result of the acts or omissions of others for which the within answering Defendant is not liable.

**Eighth Affirmative Defense**

Plaintiff has failed to join all necessary and indispensable parties required for a full and just adjudication of the claims in this action. To the extent that there are other purported defendants, other persons and/or entities who are responsible for Plaintiff's alleged damages, then those persons and/or entities must be joined to ensure a fair and just adjudication without the risk of multiple or inconsistent results.

**Ninth Affirmative Defense**

The within answering Defendant did not act as an agent and/or principal of any other named party to the underlying claim, or to Plaintiff's Complaint, nor did any other named party act as an agent and/or principal of the within answering Defendant in connection with any alleged conduct which is the subject of the Plaintiff's Complaint.

### Tenth Affirmative Defense

The within answering Defendant never acted in a negligent, careless, reckless, extreme, willful, or wanton manner.

### Eleventh Affirmative Defense

Any alleged injury or damages claimed by Plaintiff was caused by those other than the within answering Defendant.

### Twelfth Affirmative Defense

The within Defendant is not guilty of any intentional, willful, malicious, wanton, reckless or wrongful acts which proximately caused or contributed to the damages allegedly sustained by the Plaintiff, and therefore, Plaintiff is prohibited from recovery of any punitive damages from the within answering Defendant.

### Thirteenth Affirmative Defense

Plaintiff's Complaint, to the extent it seeks exemplary and/or punitive damages, violates the within answering Defendant's rights to protection from excessive fines as provided in Article 3, Section 5 of the West Virginia Constitution and violates the within answering Defendant's rights to substantive due process provided in the West Virginia Constitution, and otherwise fails to state a cause of action supporting exemplary and/or punitive damages.

### Fourteenth Affirmative Defense

The negligence, conduct or fault of third persons or entities over which whom the within answering Defendant exercised no control, and for whose conduct this answering Defendant is not responsible was the sole proximate cause of the alleged injuries, damages and/or losses sustained by Plaintiff as alleged in his Complaint.

**Fifteenth Affirmative Defense**

Not being fully advised as to the facts and circumstances surrounding Plaintiff's Complaint, this answering Defendant hereby asserts the following additional affirmative defenses only to the extent they may be applicable or become applicable to the above-captioned claim:

1. Waiver and estoppel;

2. Statute of limitations;

3. Statute of frauds;

4. Failure of consideration;

5. Doctrine of unclean hands;

6. Failure to mitigate damages;

7. Unforeseeable criminal conduct of a third-party;

8. Intervening causes; and

9. This Defendant further reserves the right to assert any additional affirmative defenses as same may become applicable or identifiable through the progression of discovery in this civil action.

**CROSS-CLAIMS AGAINST CO-DEFENDANTS YE OLDE ALPHA INC., TYLER PEACOCK, JARRETT CHANDLER, & TYLER JOHNSON**

1. The within Defendant incorporates herein the allegations contained in Plaintiff's Complaint, without admitting their truth, as well as the within Defendant's responses thereto, as though fully set forth therein.

2. In the event that the within Defendant is determined to be responsible to Plaintiff, in whole or in part, for the allegations set forth in Plaintiff's Complaint and the damages sought

therein, then Co-Defendants are responsible to the within Defendant for indemnity and contribution, express and/or implied.

**WHEREFORE,** for all the foregoing reasons, Loyal Order of Owls Nest Lodge 2558 d/b/a the Owls Nest respectfully requests this Honorable Court to enter judgment in its favor and against Plaintiff and to award its costs, attorneys' fees, and any other relief which this Court deems just and proper.

### JURY DEMAND

The Defendant, Loyal Order of Owls Nest Lodge 2558 d/b/a the Owls Nest, respectfully demand a trial by Jury on all issues so triable.

WHEREFORE, Loyal Order of Owls Nest Lodge 2558 d/b/a the Owls Nest, respectfully request that the Court enter judgment in its favor and dismiss any and all claims against it with prejudice.

      Respectfully Submitted,
      Defendants Loyal Order of Owls Nest
      Lodge 2558 d/b/a the Owls Nest,
      By Counsel

      */s/ Anthony C. Sunseri*
      Anthony C. Sunseri, Esquire (WV #9189)
      Matthew G. Chapman (#11440)
      BURNS WHITE LLC
      The Maxwell Centre
      32-20th Street, Suite 200
      Wheeling, WV 26003
      (304) 233-9500
      (304) 233-1363 Fax
      acsunseri@burnswhite.com
      mgchapman@burnswhite.com

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing **DEFENDANT, LOYAL ORDER OF OWLS NEST LODGE 2558 d/b/a THE OWLS NEST's ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT & CROSS CLAIMS** have been electronically filed and served upon all counsel of record via the Court's ECF filing system this 17th day of November, 2015. Furthermore, copies of the same have been mailed via U.S. Mail, first-class, postage prepaid to the following:

Guy R. Bucci, Esq.
Bucci Law Firm
112 Capitol Street
Suite 200
Charleston, WV 25301
kim@buccilawfirm.com

&

Robert Mongeluzzi, Esq.
Jeffrey P. Goodman, Esq.
Saltz, Mongeluzzi, Barrett, and Bendesky
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
jgoodman@smbb.com
rmongeluzzi@smbb.com
*Counsel for Plaintiff*

Michelle Lee Dougherty, Esq.
Steptoe & Johnson
P.O. Box 751
Wheeling, WV 26003
michelle.dougherty@steptoe-johnson.com
*Counsel for Fraternal Order of Owl's Home Nest*

Ye Olde Alpha, Inc.
50 Carmel Road
Wheeling, WV 26003

Craig Tyler Peacock
263 Horse Club Avenue
Clewiston, FL 33440

M. Winiesdorffer-Schirripa, Esq.
G. Thomas Smith, Esq.
Smith McMunn & Glover
516 W. Main Street
Clarksburg, WV 26301
mwschirripa@comcast.net
attytsmith@aol.com
*Counsel for Jarrett Chandler*

*Tyler Johnson*

BURNS WHITE LLC

By */s/ Anthony C. Sunseri*
 Anthony C. Sunseri, Esquire (WV #9189)
 Matthew G. Chapman (#11440)