IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT WHEELING

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

    Plaintiffs,

v.                                   CIVIL ACTION NO. 5:15-CV-111 (Stamp)

LOYAL ORDER OF OWLS NEST
LODGE 2558 d/b/a THE OWLS NEST,
a West Virginia corporation,
YE OLDE ALPHA, INC., a West Virginia
corporation, CRAIG TYLER PEACOCK,
individually, JARRETT CHANDLER,
individually, and TYLER JOHNSON,
individually,

    Defendants.

**PETITION OF THOMAS G. FIGANIAK AND VALERIE A. FIGANIAK, AS ADMINISTRATORS OF THE ESTATE OF KEVIN FIGANIAK TO APPROVE A COMPROMISE AND SETTLEMENT PURSUANT TO W.VA. CODE § 55-7-7**

NOW comes Thomas G. Figaniak and Valerie A. Figaniak, individually and in their capacity as Administrators of the Estate of Kevin Figaniak, deceased, [hereinafter "Decedent", by and through counsel, Guy R. Bucci, Esquire, and Jeffrey P. Goodman, Esquire, and requests that this Court approve the compromise reached by the parties pursuant to W. Va. Code § 55-7-7 as against the Loyal Order of the Owls Nest Lodge 2558 d/b/a the Owls Nest and Ye Olde Alpha, Inc. [hereinafter "Defendants" or "Owls Nest" or "Alpha"]. In support of this Petition, Plaintiff

1

avers as follows:

## GENERAL BACKGROUND

1. On August 31, 2013, Kevin Figaniak, age 21, died intestate leaving as statutory beneficiaries pursuant to W. Va. Code § 55-7-6, his father, Thomas G. Figaniak and his mother, Valerie A. Figaniak (hereinafter "Petitioners"), and his siblings Shannon L. Figaniak and Thomas J. Figaniak. In an envelope Under Seal the amount of each settlement and the proposed plan of distribution is set forth in Exhibit A together with an Order permitting the submission of same Under Seal. However, this settlement may be disclosed to other defendants as the Court permits and referenced herein as "REDACTED".

2. As demonstrated by Exhibit "A" attached hereto, Petitioners, Thomas G. Figaniak and Valerie A. Figaniak, were duly appointed and qualified as the Administrators of the estate of Thomas G. Figaniak.

## ACTION FOR WRONGFUL DEATH

3. Petitioners have brought suit against, inter alia, the Owls Nest and Alpha alleging that it over served alcohol to a noticeably intoxicated patron in violation of W.Va. Code § 11-16-18. Defendants deny these allegations, however.

## SETTLEMENT

4. Petitioners have reached a settlement of all claims with the Owls Nest and Alpha, including their insurers, agents, employees, re-insurers, as well as its subsidiaries, agents, employees, and assigns, and would conclude the action filed by Petitioner. Under the terms of

2

this settlement. Defendant, will pay the sum of $ REDACTED in exchange for a Full Release and Settlement Agreement against the Owls Nest.

5. This settlement represents a mutually agreeable resolution of all claims by the parties with full understanding and appreciation of the potential liability and damage issues faced by all parties if this matter were to proceed to trial.

6. Petitioners are empowered by W. Va. Code §55-7-6, et. seq., to compromise the wrongful death claim which they possess as the Personal Representatives of the Estate of Kevin Figaniak.

7. Counsel for Petitioners is of the professional opinion that due to the uncertainties of litigation, the proposed compromise is reasonable and is in the best interests of the Petitioners and the statutory beneficiaries. The basis for Counsel's opinion is that the Defendants have denied any wrongdoing and have defenses to said claims asserted against them, and the proposed settlement allows this case to be resolved without incurring the expense and delay of continued litigation and a jury trial and financial responsibility as against the Owls Nest and Alpha, with uncertain outcome.

8. The Petitioners represent to this Honorable Court that they have sought counsel with other family members and friends, and have considered the matter to the best of their abilities concerning the benefits and desirability of settling this claim. The Petitioners submit to the Court they want to resolve the claims against the Owls Nest and Alpha.

9. Petitioners believe that it is in the best interest of the Estate of Kevin Figaniak and the statutory beneficiaries to settle the claims asserted against the Owls Nest and Alpha pursuant to the terms and conditions set forth herein. Petitioners respectfully request this Court to approve

and confirm this compromise and settlement as against the Owls Nest and Alpha.

## COUNSEL FEES AND EXPENSES

10. Petitioners' contingent fee agreement with Counsel provided that Counsel is entitled to REDACTED % of the gross amount recovered, plus expenses. Petitioners are satisfied with the representation provided by Guy R. Bucci, Esquire, and Jeffrey P. Goodman, Esquire, and understand that a REDACTED % contingency fee agreement is the reasonable and customary fee for similar cases.

11. Pursuant to the contingent fee agreement, Petitioners have agreed to pay Counsel an attorney's fee in the amount of $ REDACTED (which represents REDACTED % of the gross amount recovered).

12. Pursuant to the contingent fee agreement, Petitioners have agreed to reimburse Counsel for expenses incurred in the amount of $ REDACTED.

13. Counsel also seeks retention of $ REDACTED to be used to offset future or outstanding costs. Any balance remaining after payment of said costs will be distributed to the statutory beneficiaries in accordance with the written and notarized Affidavits of Consent (as more specifically set forth below).

## LIENS AND CLAIMS

14. Petitioners are aware of outstanding bills or accounts in regard to the circumstances surrounding Kevin Figaniak's death and are working to resolve them.

## CONSENTS AND DISTRIBUTION

15. As aforesaid, Kevin Figaniak, deceased, is survived by the following statutory beneficiaries pursuant to W. Va. Code §55-7-6:

    a. Father: Thomas G. Figaniak;

    b. Mother: Valerie A. Figaniak;

    c. Sister: Shannon L. Figaniak; and

    d. Brother: Thomas J. Figaniak

Upon information and belief, Petitioners state that these persons are the only persons who may be entitled to receive some portion of the settlement proceeds pursuant to West Virginia Code §55-7-6. There are no other persons known to Petitioners to have been financially dependent on the decedent and no other possible beneficiaries known to the Petitioners.

16. The statutory beneficiaries are over the age of eighteen (18) and do not suffer from any mental or other disabilities which would prevent them from understanding the nature of the present proceeding. Consequently, no guardian ad litem is necessary.

17. Petitioners request that except for of liens/claims, the distribution balance of the net proceeds of the settlement be withheld until the conclusion of the case in that this is an interim settlement.

18. Petitioners believe that it is in the best interest of the statutory beneficiaries and all other persons concerned to settle this claim against the Owls Nest and Alpha pursuant to the terms and conditions set forth herein.

19. Petitioners move the Court to approve this settlement, thereby granting them authority to turn over the originally executed Settlement Agreement and Release, as Executor of

the Estate of Kevin Figaniak, forever discharging the Owls Nest and Alpha from any and all further liability in connection with or arising out of the injuries and death of Kevin Figaniak on or about August 31, 2013.

20. Petitioners move the Court to approve this settlement recognizing that they will have no further claims, either individually or as Administrators of the Estate of Kevin Figaniak against the Owls Nest and Alpha in connection with or arising out of the injuries and death of Decedent on or about August 31, 2013. Petitioners understand that the above-referenced case against Defendants Owls Nest and Alpha will be dismissed with prejudice and that no further claims or actions may be filed against Defendants, Owls Nest and Alpha arising from the above-referenced injuries and wrongful death. Petitioners, however, intend to pursue their claims against the remaining Defendants.

WHEREFORE, Petitioners Thomas G. Figaniak and Valerie A. Figaniak, individually and in their capacity as Administrators of the Estate of Kevin Figaniak, deceased, respectfully request that the Court enter an Order approving the terms of the settlement with the Owls Nest and Alpha; that the Petitioners be authorized to execute all necessary releases and related documents to effectuate this settlement; that the Petitioners be authorized to pay the agreed upon attorney's fees, expenses, liens and claims with ultimate distribution of the net settlement proceeds to be held in abeyance as agreed by them or ordered by the Court; and for such other relief as this Court deems appropriate.

Respectfully Submitted,

                                      THOMAS G. FIGANIAK and VALERIE A.
FIGANIAK, as Administrators of the Estate
of Kevin Figaniak,
By Counsel

/s/ *Guy R. Bucci*

Guy R. Bucci, Esquire (WVSB # 0521)
Ashley N. Lynch, Esquire (WVSB #11714)
BUCCI & LYNCH
112 Capitol Street, Suite 200
Charleston, WV 25301
(304) 344-0020

Robert Mongeluzzi, Esquire (PASB #36283)
Jeffrey P. Goodman, Esquire (PASB #309433)
Saltz, Mongeluzzi, Barrett, and Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 496-8282

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT WHEELING

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

    Plaintiffs,

v.                                                  Civil Action No. 5:15-cv-111

FRATERNAL ORDER OF OWL'S
HOME NEST, et. al.

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the **28th** day of **SEPTEMBER, 2016**, the **PETITION OF THOMAS G. FIGANIAK AND VALERIE A. FIGANIAK, AS ADMINISTRATORS OF THE ESTATE OF KEVIN FIGANIAK TO APPROVE A COMPROMISE AND SETTLEMENT PURSUANT TO W.VA. CODE § 55-7-7** has been served upon counsel of record as indicated below by hand delivery, facsimile, email and/or depositing the same in the United States Mail, postage prepaid to:

        Matthew G. Chapman, Esquire
        Anthony C. Sunseri, Esquire
        BURNS WHITE
        The Maxwell Centre
        32  20th Street, Suite 200
        Wheeling, WV 26003
        *Counsel for Loyal Order of Owls Nest Lodge 2558*

Kenneth L. Hopper, Esquire
PULLIN, FOWLER, FLANAGAN,
 BROWN & POE
2414 Cranberry Square
Morgantown, WV 26508
 *Counsel for Craig Tyler Peacock*

G. Thomas Smith, Esquire
M. Winiesdorffer-Schirripa
SMITH, McMUNN & GLOVER
516 West Main Street
Clarksburg, WV 26301
 *Counsel for Jarrett Chandler*

Patrick S. Casey, Esquire
David Kevin Coleman, Esquire
1140 Chapline Street
Wheeling, WV 26003
 *Counsel for Ye Olde Alpha*

Trevor K. Taylor, Esquire
TAYLOR LAW FIRM
34 Commerce Drive
Suite 201
Morgantown, WV 26501
 *Counsel for Tyler Johnson*


/s/ *Guy R. Bucci*
Guy R. Bucci, Esquire (WVSB # 0521)
Ashley N. Lynch, Esquire (WVSB #11714)
BUCCI & LYNCH
112 Capitol Street, Suite 200
Charleston, WV 25301
(304) 344-0020

Robert Mongeluzzi, Esquire (PASB #36283)
Jeffrey P. Goodman, Esquire (PASB #309433)
Saltz, Mongeluzzi, Barrett, and Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 496-8282

 *Counsel for Plaintiffs*