```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the
Estate of Kevin Figaniak,

        Plaintiffs,

v.                                    Civil Action No. 5:15CV111
                                                       (STAMP)
FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558,
d/b/a THE OWLS NEST,
a West Virginia corporation,
YE OLDE ALPHA, INC.,
a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually,
and TYLER JOHNSON, individually,

        Defendants.
```

**ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT
APPROVING WRONGFUL DEATH SETTLEMENT,
RESERVING DETERMINATION ON DISTRIBUTION,
DISMISSING WITH PREJUDICE ALL CLAIMS AGAINST
DEFENDANTS LOYAL ORDER OF OWLS NEST LODGE 2558
AND YE OLDE ALPHA, INC. AND
DENYING AS MOOT MOTION TO
VACATE SETTLEMENT CONFERENCE**

On September 29, 2016, the plaintiffs filed a petition for approval of a settlement with defendants Loyal Order of Owls Nest Lodge 2558 d/b/a The Owls Nest ("The Owls Nest") and Ye Olde Alpha, Inc. ("the Alpha") under West Virginia Code § 55-7-7. ECF No. 107. On October 19, 2016, the parties appeared before this Court for a settlement conference to consider the plaintiffs' petition.

The plaintiffs, Thomas G. Figaniak and Valerie A. Figaniak, are the duly appointed Administrators of the Estate of Kevin Figaniak. ECF No. 107-2 at 2. This civil action is regarding the

wrongful death of Kevin Figaniak ("the Decedent"), which occurred on or about August 31, 2013, in Ohio County, West Virginia. The plaintiffs filed this action against The Owls Nest and the Alpha, among other defendants, alleging that The Owls Nest and the Alpha over-served alcohol to noticeably intoxicated patrons in violation of West Virginia Code § 11-16-18. The plaintiffs negotiated a final settlement of the claims of the Estate of Kevin Figaniak with The Owls Nest and the Alpha. This confidential settlement was disclosed to the Court in camera.

The public policy of the State of West Virginia strongly favors out-of-court resolution of disputes. See <u>Sanders v. Roselawn Memorial Gardens, Inc.</u>, 159 S.E.2d 784 (W. Va. 1968). "The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation." <u>Bd. of Educ. of McDowell Cnty. v. Zando, Martin & Milstead, Inc.</u> 390 S.E.2d 796, 803 (W. Va. 1990) (internal quotation marks omitted). The ultimate test of whether a settlement should be approved such that it cuts off any liability for contribution and indemnity is that the agreement was made in good faith. <u>Id.</u>

The Decedent left the following beneficiaries pursuant to West Virginia Code §§ 55-7-5 to 55-7-8a: Thomas G. Figaniak (father); Valerie A. Figaniak (mother); Shannon L. Figaniak (sister); and Thomas J. Figaniak (brother). None of the beneficiaries are infants or persons under any other disability. The Decedent had no other beneficiaries or any other persons who were financially

dependent on him at the time of his death or are otherwise equitably entitled to share in the settlement proceeds. The plaintiffs, as Administrators of the Estate, are empowered by West Virginia Code §§ 55-7-6 and 55-7-7 to compromise the wrongful death claim.

At the conference, the plaintiffs' counsel represented that the plaintiffs believe the confidential settlement to be a fair and reasonable settlement and to be in the best interests of the Estate of Kevin Figaniak and the wrongful death beneficiaries. The plaintiffs' counsel also represented that the plaintiffs entered into a contingency fee agreement, plus expenses, with Guy R. Bucci, Esquire, and Jeffrey P. Goodman, Esquire, to prosecute the wrongful death claim against the defendants. The plaintiffs further represented that they are in the process of resolving bills or liens against the Estate of Kevin Figaniak. The plaintiffs, by their counsel, represented that they are satisfied with the representation of both Guy R. Bucci, Esquire, and Jeffrey P. Goodman, Esquire and that there is no request for payment of attorneys' fees or expenses at this time. The plaintiffs requested that this Court approve the settlement, without distribution until the final resolution of this civil action except for the payment of outstanding medical bills or liens.

This Court found that the settlement agreement between the plaintiffs and The Owls Nest and the Alpha was reached in good faith. Further, this Court found that the agreement of attorneys'

3

fees and costs disclosed to the Court appears to be fair and is accountable to this Court, and that the proposed distribution is fair and reasonable and in the best interests of the Estate of Kevin Figaniak and the wrongful death beneficiaries.

Accordingly, it is ORDERED that the plaintiffs' petition (ECF No. 107) is APPROVED; that the settlement of the claims as proposed in the plaintiffs' petition is APPROVED; that the plaintiffs, Thomas G. Figaniak and Valerie A. Figaniak, are authorized to accept the settlement sum as a final resolution of all claims against The Owls Nest and the Alpha; that upon payment of the settlement proceeds, The Owls Nest and the Alpha, including their insurers, agents, employees, re-insurers, as well as their subsidiaries, agents, employees, and assigns, are forever discharged and released from any and all claims, actions, and suits that the Estate of Kevin Figaniak may have in connection with this civil action; and that all claims and crossclaims against The Owls Nest and the Alpha are DISMISSED WITH PREJUDICE.  The plaintiffs, Thomas G. Figaniak and Valerie A. Figaniak, are authorized and directed to sign and turn over the originally executed Settlement Agreement and Release on behalf of the Estate of Kevin Figaniak as to The Owls Nest and the Alpha.  It is further ORDERED that the net settlement proceeds will not be distributed to beneficiaries until this civil action is fully resolved.  Finally, the parties' joint motion to vacate the settlement conference (ECF No. 110) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    October 19, 2016

                                        <u>/s/ Frederick P. Stamp, Jr.</u>
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE