IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

        Plaintiffs,

v.                                            Civil Action No. 5:15-cv-111
                                                   Judge Frederick P. Stamp, Jr.

FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558
d/b/a THE OWLS NEST, a West Virginia corporation,
YE OLDE ALPHA, INC., a West Virginia corporation,
CRAIG TYLER PEACOCK, individually
JARRETT CHANDLER, individually, and
TYLER JOHNSON, individually,

        Defendants.

---

## MEMORADUM OF LAW IN SUPPORT OF MOTION IN LIMINE #5 – TO EXCLUDE EVIDENCE OF PUNITIVE DAMAGES

---

        COMES NOW, Tyler Johnson by Counsel, Trevor K. Taylor, Esquire/Taylor Law Office and submits this Memorandum of Law in Support of his Motion in Limine #5 – To Exclude Evidence of Punitive Damages. First, Mr. and Mrs. Figaniak are not entitled to punitive damages as a matter of right, so to the extent that they have asserted a claim for punitive damages in their Complaint, their rights in this regard do not accrue until they proffer sufficient evidence to support their claim for such damages. As a result, Mr. and Mrs. Figaniak do not yet possess any right to punitive damages, and as a result, the West Virginia Legislatures' recently enacted statute, West Virginia Code Section 55-7-29, is applicable. When the facts and

3

circumstances of this case are considered under this Code Section, it is apparent Mr. and Mrs. Figaniak cannot proffer sufficient evidence to prove their claim for punitive damages. For these reasons, Mr. and Mrs. Figaniak must be precluded from presenting any evidence of punitive damages as it relates to their claims against Tyler Johnson.

> W. Va. Code § 55-7-29(a), enacted in 2015, provides, in pertinent part:
>
> An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

While Mr. and Mrs. Figaniak may argue that this new statute may not apply to their case, this argument is plainly wrong. Under West Virginia law a plaintiff can be said to possess a right to punitive damages only after he or she has proven that the conduct of an actor toward another entitles that person to a punitive damage award. *Bowyer v. Hi-Lad, Inc.*, 609 S.E.2d 895 (W. Va. 2004) (recognizing that our punitive damage jurisprudence includes a two-step paradigm, which first requires a determination of whether the conduct of an actor toward another person entitles that person to a punitive damage award under *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895)). In other words, under West Virginia law, a plaintiff is not entitled to punitive damages as a matter of right. Indeed, only a jury can vest a plaintiff with a right to punitive damages at the trial of this matter. As such, the earliest Mr. and Mrs. Figaniak may be entitled to punitive damages is in or around July 2017, when this matter is set for trial. West Virginia Code Section 55-7-29 became effective June 8, 2015, and as a result, it applies in this case.[1]

---

[1] This is consistent with the West Virginia Supreme Court of Appeals' previous holdings. Indeed, in *Sizemore v. State Workmen's Compensation Commissioner*, 219 S.E.2d 912 (1975), the Court addressed the issue of whether the workers' compensation statute in effect at the time of an employee's injury or the one in effect at the time of his death governed his dependents' claims for benefits. *Id.* at 914. The Court found that the dependents' rights were separate and

Pursuant to West Virginia Code Section 55-7-29(a), Mr. and Mrs. Figaniak must prove, by clear and convincing evidence, that Tyler Johnson acted with "actual malice" or "a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a). West Virginia common law has defined actual malice as: (1) "the state of mind under which the defendant's conduct is characterized by hatred, ill will or a spirit of revenge or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Perrine v. E.I. du Pont de Nemours & Co.*, 694 S.E.2d 815, 919 (2010). Mr. and Mrs. Figaniak cannot meet this exacting burden as it pertains to Tyler Johnson. Indeed, there is no evidence that Mr. Johnson acted with hatred, ill will or a spirit of revenge in a conscious disregard for the rights and safety of Mr. Figaniak. Similarly, there is also no evidence that Mr. Johnson acted with a conscious, reckless and outrageous indifference to the health, safety and welfare of others. Indeed, as a matter of law, it cannot be stated that Mr. Johnson's statement "you don't need an education for that" rose to the level of actual malice or conscious, reckless and outrageous indifference to the health, safety and welfare of others. The same is true of Mr. Johnson's efforts to aid Mr. Figaniak after the altercation. After all, there is absolutely no evidence that Mr. Johnson engaged in or sought to further injure Mr. Figaniak.

Indeed, the same is true even if the Court were to find that W. Va. Code § 55-7-29(a) is not applicable. Mr. and Mrs. Figaniak still cannot meet the common law standard for punitive damages. Prior to West Virginia Code Section 55-7-29(a), the West Virginia Supreme

---

distinct from those of the decedent. *Id.* at 915. The Court explained that "[n]o vested rights are impaired by applying the statute in force at the time of death because, until death occurs, the surviving dependents have no rights and the employer has no fixed liability." Id. at 106-07, 219 S.E.2d at 915-16. The Court explained that "[a] law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage can it be considered to be retroactive in application." *Id.* at Syl. Pt. 3.

Court of appeals held that that only willful, wanton, or reckless conduct may warrant an award of punitive damages. Syl. pt. 4, *Mayer v. Frobe*, 40 W. Va. 246, 22 S.E. 58 (1895). In that regard, the Court explained that willfulness and wantonness convey the idea of purpose or design, actual or constructive. *Yourtee v. Hubbard*, 474 S.E.2d 613, 620 (W. Va.1996). In other words, to be held guilty of wilful or wanton conduct, it must be shown that an individual was conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result. *Id*. This too is an exacting standard and for the reasons outlined above Mr. and Mrs. Figaniak cannot meet it either. As explained previously, there is no evidence to support allegations of willful, wanton, and reckless conduct by Mr. Johnson against Mr. Figaniak.

WHEREFORE, Defendant respectfully requests a finding in limine excluding Mr. and Mrs. Figaniak from introducing evidence of punitive damages.

**TYLER JOHNSON,**

**By Counsel.**

/s/ Trevor K. Taylor
Trevor K. Taylor, Esq.
*W. Va. State Bar I.D. #8862*
TAYLOR LAW OFFICE
34 Commerce Dr., Ste. 201
Morgantown, WV 26501
Phone: 304-225-8529
Fax: 304-225-8531
Email: ttaylor@taylorlawofficewv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the Estate of
Kevin Figaniak,

        Plaintiffs,

v.

FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558
d/b/a THE OWLS NEST, a West Virginia corporation,
YE OLDE ALPHA, INC., a West Virginia corporation,
CRAIG TYLER PEACOCK, individually
JARRETT CHANDLER, individually, and
TYLER JOHNSON, individually,

        Defendants.

Civil Action No. 5:15-cv-111
Judge Frederick P. Stamp, Jr.

## CERTIFICATE OF SERVICE

    I, Trevor K. Taylor, counsel for Defendant Tyler Johnson, hereby certify that on this 1st day of June, 2017, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #5 – TO EXCLUDE EVIDENCE OF PUNITIVE DAMAGES** with the Clerk using the CM/ECF system which will send notification of such filing to all counsel of record as follows:

    Guy R. Bucci, Esq.
    Ashley N. Lynch, Esq.
    HENDRICKSON & LONG PLLC
    P.O. Box 11070
    Charleston, WV 25339
    *Counsel for Plaintiffs*

    Robert Mongeluzzi, Esq.
    Jeffrey P. Goodman, Esq.
    Michael M. Budner, Esq.
    SALTZ, MONGELUZZI, BARRETT
      AND BENDESKY, P.C.
    One Liberty Place, 52nd Fl.
    1650 Market St.
    Philadelphia, PA 19103
    *Counsel (admitted Pro Hac Vice)*
    *for Plaintiffs*

J. Victor Flanagan, Esq.
PULLIN, FOWLER, FLANAGAN,
 BROWN & POE, PLLC
901 Quarrier St.
Charleston, WV 25301
***Counsel for Craig Tyler Peacock***

Kenneth L. Hopper, Esq.
PULLIN, FOWLER, FLANAGAN,
 BROWN & POE, PLLC
2414 Cranberry Sq.
Morgantown, WV 26508
***Counsel for Craig Tyler Peacock***

G. Thomas Smith, Esq.
M. Winiesdorffer-Schirripa, Esq.
SMITH, McMUNN & GLOVER PLLC
516 W. Main St.
Clarksburg, WV 26301
***Counsel for Jarrett Chandler***

/s/ Trevor K. Taylor
Trevor K. Taylor, Esq.