IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the
Estate of Kevin Figaniak,

    Plaintiffs,

v.                              Civil Action No. 5:15CV111
                                                  (STAMP)
FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558,
d/b/a THE OWLS NEST,
a West Virginia corporation,
YE OLDE ALPHA, INC.,
a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually,
and TYLER JOHNSON, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## REGARDING PLAINTIFFS' OBJECTIONS TO JURY VIEW

On July 13, 2017, defendant Tyler Johnson ("Johnson") filed a motion for a jury view of certain sites described in the motion that will be mentioned during the trial of this civil action, and which are located at or near Edgington Lane and Locust Avenue in Wheeling, West Virginia. ECF No. 223. This Court conditionally granted that motion, permitting a jury view if conducted in compliance with the procedures set forth in that order. ECF No. 225. The plaintiffs' counsel then filed a letter to this Court regarding the motion, which this Court has received and reviewed, as well as a response in opposition to Johnson's motion for a jury view. This memorandum opinion and order serves to reaffirm this

Court's prior order conditionally granting Johnson's motion for a jury view.[1]

Courts have "inherent power to permit a jury view of places or objects outside the courtroom," and such decisions are "entrusted to the sound discretion of the [] court." United States v. Simmons, 380 F. App'x 323, 327 (4th Cir. 2010) (internal quotation marks omitted). A view may be refused where: (1) the location of the view has changed significantly since the time of the event, see United States v. Moonda, 347 F. App'x 192, 201 (6th Cir. 2009); United States v. Davis, 127 F.3d 68, 70 (D.C. Cir. 1997); United States v. Culpepper, 834 F.2d 879, 883 (10th Cir. 1987); (2) evidence in the trial is sufficient to give the jury an adequate picture of the scene, see Moonda, 347 F. App'x at 201; United States v. Chiquito, 175 F. App'x 215, 217 (10th Cir. 2006); Kelley v. Wegman's Food Mkts., Inc., 98 F. App'x 102, 105 (3d Cir. 2004); or (3) a view presents logistical difficulties, including undue delay, difficulty of travel, and difficulty of control. See Gunther v. E. I. Du Pont De Nemours & Co., 255 F.2d 710, 716 (4th Cir. 1958); Jones v. Consolidated Coal Co., No. 1:13CV11, 2014 WL 1091214, *4 (N.D. W. Va. Mar. 19, 2014).

First, the plaintiffs argue that "there is no foundation to determine what, if any, changes have been made to the scene over

---

[1] For a more thorough background of this civil action, see ECF No. 175.

the last three years." ECF No. 229 at 2. The plaintiffs do not identify any specific changes that have been made to the scene. Rather, they only speculate that construction or natural elements may have changed the configuration of features at the scene of the fight. If the parties are aware of any specific, significant changes to the scene, they may notify this Court in a timely fashion, and this Court will note any relevant changes for the jury during the view.

Second, the plaintiffs argue that photographs, testimony, and skillful advocacy will be sufficient to give the jury a picture of the scene. They also note that because the incident happened before dawn and a jury view would happened during the day, the view will not accurately depict the conditions present at the time of the fight.

The parties' use of photographs at trial will not eliminate the benefits of a jury view, as the jurors may have a better understanding of the evidence and testimony having physically viewed and walked through the scene. Further, daylight will not alter the benefits of the view, as this Court is confident the jury will understand that the fight occurred before daylight hours. Other details regarding the parties' actions and argument at the scene will be brought out through testimony and evidence, and the view will serve to assist the jury in understanding that evidence.

3

Third, the plaintiffs argue that the view will be too time consuming and hard to control. They further argue that the jury may be encouraged to conduct its own investigation of the scene or be confused by the relevance of the jury view.

This Court believes that a proper limiting instruction regarding the purpose of the view and an admonishment that the jury is not to conduct its own investigation of the scene will be sufficient to control the jury view and prevent unfair prejudice or confusion. Further, because the scene is not far from the courtroom and the distance the jury will be asked to walk is minimal, this Court believes adherence to the conditions set forth in its prior order conditionally granting Johnson's motion for a jury view (ECF No. 225) will be sufficient to ensure the view is not unduly time consuming and will be logistically feasible.

For the reasons set forth above, this Court believes a view will assist the jury in understanding the testimony and other evidence at trial. Accordingly, this Court's prior order conditionally granting Johnson's motion for a jury view (ECF No. 225) is REAFFIRMED and the plaintiffs' objections (ECF No. 229) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      July 21, 2017


                                        <u>/s/ Frederick P. Stamp, Jr.</u>
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE