IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the
Estate of Kevin Figaniak,

    Plaintiffs,

v.                                    Civil Action No. 5:15CV111
                                                         (STAMP)
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually,
and TYLER JOHNSON, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING AS FRAMED PLAINTIFFS' MOTION
FOR JUDGMENT AS A MATTER OF LAW AND
DENYING DEFENDANT JARRETT CHANDLER'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

On July 27, 2017, the plaintiffs filed a motion under Federal Rule of Civil Procedure 50 for judgment as a matter of law as to their negligence claim against defendant Jarrett Chandler ("Chandler"). The parties appeared by counsel before this Court for a conference on July 31, 2017 in which this Court granted as framed the plaintiffs' motion. Further, at that conference, Chandler made an oral motion for judgment as a matter of law regarding the plaintiffs' claim that Chandler was negligent in contributing to the instigation of the fight at issue in this civil action. This Court denied Chandler's motion. This memorandum

opinion and order serves to confirm this Court's pronounced rulings.[1]

## I. Applicable Law

Federal Rule of Civil Procedure 50 permits a court to enter judgment as a matter of law where "a party has been fully heard on an issue during a jury trial." Fed. R. Civ. P. 50(a)(1). The movant must show (1) that there is no "legally sufficient evidentiary basis for a reasonable jury to find for [the nonmovant]," and (2) that the movant is entitled to judgment as a matter of law as to that issue. Fed. R. Civ. P. 50(a)(1).

## II. Discussion

A. Plaintiffs' Motion for Judgment as a Matter of Law

At the close of their case and before the defendants rested, the plaintiffs filed a motion for judgment as a matter of law as to Chandler's negligence in contributing to Kevin Figaniak's death. Specifically, the plaintiffs argue that Chandler is collaterally estopped from denying liability because he earlier plead guilty to misdemeanor involuntary manslaughter for Kevin's death.

Collateral estoppel, or claim preclusion, "is designed to foreclose relitigation of issues in a second suit [that] have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the

---

[1]For a more thorough background of this civil action, see ECF No. 175.

first and second suit." Conley v. Spillers, 301 S.E.2d 216, 220 (W. Va. 1983). In considering whether a party may assert collateral estoppel, courts must consider: (1) "[w]hether the issues presented in the present case are the same as presented in the earlier case;" (2) "whether the controlling facts and legal principles have changed substantially since the earlier case;" and (3) "whether there are special circumstances that would warrant the conclusion that enforcement of the judgment would be unfair." Id. at 223. The parties agree that the controlling facts and law have not changed substantially since Chandler's conviction. However, Chandler argues that the first and third factors weigh against enforcement of his prior conviction in this civil action.

First, involuntary manslaughter is "an unintentional homicide . . . result[ing] from [one's] unlawful act, or [one's] lawful act performed in an unlawful manner." State v. Craig, 51 S.E.2d 283, 288 (W. Va. 1948). "[M]ere negligence which causes the unintentional death of another person does not constitute that offense." Id.; see also State v. Lawson, 36 S.E.2d 26, 31-32 (W. Va. 1945) (providing that involuntary manslaughter must involve an act that is "something more than the simple negligence, so common in everyday life"). Thus, a conviction for involuntary manslaughter necessarily includes a finding of more than negligence.

3

While counsel for Chandler points out that the West Virginia Supreme Court of Appeals has not expressly determined that a conviction for involuntary manslaughter collaterally estops litigation on civil liability in negligence, the court has made clear that criminal convictions, including guilty pleas, may affect collateral estoppel in a subsequent civil action. <u>State ex rel. Leach v. Schlaegel</u>, 447 S.E.2d 1, 4 (W. Va. 1994). Accordingly, this Court finds no basis in West Virginia law for not enforcing a conviction for involuntary manslaughter in a subsequent civil proceeding. Because Chandler plead guilty to the involuntary manslaughter of Kevin Figaniak, he necessarily admitted that he was more than negligent in causing Kevin Figaniak's death.

Additionally, Chandler argues that he should be permitted to assert self defense as a complete defense to liability in this civil action. However, Chandler's guilty plea is an admission of all elements of the offense, which necessarily waives all defenses he may have had to the offense. Further, there is no indication that Chandler entered into a written plea agreement that was conditional or otherwise reserved for subsequent civil litigation the issue of self defense. Thus, Chandler is barred from asserting self defense in this civil action as a complete defense to liability. However, Chandler may assert self defense solely in the context of apportionment of fault, as it may be considered by the jury, along with all of the facts and circumstances, in determining

4

the reasonableness of Chandler's actions in the circumstances as compared to all other parties.

Second, Chandler argues that the comparative fault issues in this civil action present a special circumstance that makes enforcement of the conviction unfair. However, this Court finds that, because Chandler may assert self defense as a factual matter in apportioning fault amongst the parties, the comparative fault issues in this case do not present a circumstance in which enforcement of the conviction would be unfair.

Accordingly, this Court granted the plaintiffs' motion as framed. This Court instructed the jury to find that Chandler was negligent and that his negligence was a proximate cause of Kevin Figaniak's death.

B. Chandler's Motion for Judgment as a Matter of Law

Before resting his case, Chandler made an oral motion at the charge conference, held on July 31, 2017, for judgment as a matter of law regarding the plaintiffs' claim that Chandler was negligent in contributing to the circumstances that caused the fight. Specifically, he argues that the evidence shows he was not involved in the argument between defendants Craig Tyler Peacock and Tyler Johnson, and that he did not get involved until he caught up with the other parties. However, this Court finds that there is sufficient evidence for a reasonable jury to conclude that Chandler caught up to the others and made statements that Kevin Figaniak

could have perceived as threatening, and that these actions were a proximate cause of the fight. Accordingly, Chandler's motion is denied.

### III. Conclusion

For the reasons set forth above, the plaintiffs' motion for judgment as a matter of law (ECF No. 239) is GRANTED AS FRAMED, and Chandler's oral motion for judgment as a matter of law is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 9, 2017

> /s/ Frederick P. Stamp, Jr.
> FREDERICK P. STAMP, JR.
> UNITED STATES DISTRICT JUDGE