IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS G. FIGANIAK and
VALERIE A. FIGANIAK, as
Administrators of the
Estate of Kevin Figaniak,

    Plaintiffs,

v.                              Civil Action No. 5:15CV111
                                         (STAMP)

FRATERNAL ORDER OF OWL'S HOME NEST,
LOYAL ORDER OF OWLS NEST LODGE 2558,
d/b/a THE OWLS NEST,
a West Virginia corporation,
YE OLDE ALPHA, INC.,
a West Virginia corporation,
CRAIG TYLER PEACOCK, individually,
JARRETT CHANDLER, individually,
and TYLER JOHNSON, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT TYLER JOHNSON'S
MOTION FOR JUDGMENT AS A MATTER OF LAW,
A NEW TRIAL, REMITTITUR,
AND/OR AMENDMENT OF THE JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 50(b), 59(a)(1)(A) and (e), and 60(b)(5) and (6), defendant Tyler Johnson moves for judgment as a matter of law, a new trial, remittitur, and/or amendment of the judgment. ECF No. 266. For the following reasons, defendant's post-trial motion for judgment as a matter of law, motion for a new trial, motion for remittitur, and/or amendment of the judgment (ECF No. 266) is denied.

I. <u>Background</u>

This is a wrongful death action arising out of an altercation that occurred in Wheeling, West Virginia. The incident involved Kevin Figaniak ("Kevin") and defendants Craig Tyler Peacock, Jarrett Chandler ("Chandler"), and Tyler Johnson ("Johnson"). Kevin's parents filed this civil action as administrators of his estate, alleging negligence claims against the defendants. This civil action went to trial and the underlying facts are set forth in this Court's memorandum opinion and order denying defendant Tyler Johnson's motion for summary judgment. ECF No. 175. At the conclusion of a five-day trial, the jury returned a verdict for plaintiffs. ECF No. 246. This post-trial motion at issue (ECF No. 266) was filed by defendant Tyler Johnson following entry of the clerk's judgment (ECF No. 247) on the jury's verdict (ECF No. 246). This Court then entered an order of prejudgment interest and an amended judgment (ECF No. 278), and the Clerk, accordingly, entered an amended judgment (ECF No. 279).

II. <u>Applicable Law</u>

A. <u>Renewed Motion for Judgment as a Matter of Law</u>

Federal Rule of Civil Procedure 50 permits a court to enter judgment as a matter of law where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "Judgment

as a matter of law is properly granted if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 391 (4th Cir. 2014) (internal quotation marks omitted). On a renewed motion for judgment as a matter of law, the court considers whether the jury's findings are supported by substantial evidence. Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999). In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000). In reviewing the evidence, the court may not weigh the evidence or make credibility determinations, but must view the evidence in the light most favorable to the nonmoving party. Id.; Fontenot v. Taser Int'l, Inc., 736 F.3d 318, 332 (4th Cir. 2013).

Pursuant to Federal Rule of Civil Procedure 50(b):

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict;(2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

In considering a Rule 50(b) motion, th district court is to determine whether a jury, viewing the evidence in the light most favorable to the non-movant, could have properly reached the conclusion it did. Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir. 2003).

B. New Trial, Remittitur, Amendment of the Judgment

Rule 59 of the Federal Rules of Civil Procedure provides courts with discretion, after a jury trial, to grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). A court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) "will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). The first two grounds for a new trial require the court to make factual determinations, while the third ground requires a policy analysis under which the "judge's unique vantage point and day-to-day experience with such matters lend expertise." Id.

The decision to grant or deny a new trial is within the sound discretion of the district court, and the appellate court will respect that determination absent an abuse of discretion. Id.

4

"Under Rule 59(a) of the Federal Rules of Civil Procedure, a court may order a new trial nisi remittitur if it "concludes that a jury award of compensatory damages is excessive." Jones v. Southpeak Interactive Corp. of Delaware, 777 F.3d 658, 672 (4th Cir. 2015) (internal quotation marks omitted). A court should order a new trial nisi remittitur if "the jury's verdict is against the weight of the evidence or based on evidence which is false." Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 502 (4th Cir. 2007) (internal quotation marks omitted). Whether to grant such a new trial is "entrusted to the sound discretion of the district court." Id. (internal quotation marks omitted).

### III. Discussion

In support of his post-trial motion (ECF No. 266), defendant Johnson cites several grounds for why he is entitled to relief:

1. Pursuant to Rule 59(a)(1)(A) and (e) and Rule 60(b)(6), defendant Johnson moves for judgment or a new trial asserting that his mere words made during the fight did not, as a matter of law or fact, render him liable to plaintiffs under the facts of this case;

2. Pursuant to Rule 59(a)(1)(A), defendant Johnson moves for a new trial asserting that the jury instructions were erroneous and prejudicial;

3. Pursuant to Rule 59(a)(1)(A), defendant Johnson moves for a new trial, asserting that the jury's apportionment of 75% of the

liability to Johnson was contrary to the weight of the evidence and a miscarriage of justice;

4. Pursuant to Rule 50(b), Rule 59(a)(1)(A) and (e) and Rule 60(b)(6), defendant Johnson moves for judgment as a matter of law, a new trial, or a substantial remittitur asserting that the jury's award of punitive damages was unsupported by sufficient evidence, contrary to the weight of the evidence, and manifestly excessive;

5. Pursuant to Rule 59(a)(1)(A) and (e) and Rule 60(b)(6), defendant Johnson moves for a new trial asserting that defendant Chandler was improperly permitted to argue self-defense to reduce his apportioned share of liability; and

6. Pursuant to Rule 59(e) and Rule 60(b)(5) and (6), defendant Johnson moves for alteration and amendment of the judgment to reflect credits for plaintiffs' settlements with two defendants, Ye Olde Alpha, Inc. and the Loyal Order of Owls Nest Lodge 2558. ECF No. 266 at 1-2.

This Court notes that traditionally, decisions on "questions of law" are "reviewable de novo," decisions on "questions of fact" are "reviewable for clear error," and decisions on "matters of discretion" are "reviewable for 'abuse of discretion.'" Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S. Ct. 1744, 1748 (2014) (citing Pierce v. Underwood, 487 U.S. 552, 558 (1988)).

In line with the parties' briefing, and for organizational purposes, this Court will address the contentions of defendant

Johnson in the same order the arguments and corresponding responses have been presented to this Court. For the reasons set forth below, defendant's post-trial motion for judgment as a matter of law, a new trial, remittitur, and/or amendment of the judgment (ECF No. 266) is denied.

A. <u>Defendant Johnson's "Mere Words"</u>

Pursuant to Rule 59(a)(1)(A) and (e) and Rule 60(b)(6), defendant Johnson moves for judgment or a new trial asserting that his mere words during the incident did not, as a matter of law or fact, render him liable to plaintiffs under the facts of this case. ECF No. 266-1 at 11. Defendant Johnson asserts several arguments in support of his contention that "this Court erred as a matter of law in allowing the jury to decide that Johnson's alleged pre-fight words were negligent, which nullified his immunity for post-fight conduct." ECF No. 266-1 at 17.

This Court finds no error in permitting the jury to hear evidence regarding defendant Johnson's "mere words"[1] as they

---

[1] The jury heard significant testimony as to Johnson's comments made when the parties met, after Kevin and Johnson left the bar at the Ye Olde Alpha and defendants Peacock and Chandler left the bar at the Owl's Nest, which were claimed to have instigated the physical confrontation and which preceded the fight. Defendant Peacock testified that he heard Johnson make a statement about any person not needing an "effing education" to be pipeliners and that Johnson continued to utter what was described as "gibberish", which offended and provoked the other defendants. There was also testimony that after the fight, Johnson attempted to drag Kevin Figaniak, offered to pay Robert Hartley to help him get Kevin back to campus rather than seek medical attention, and then ultimately dropped Kevin, resulting in the back of Kevin's head hitting the

7

exposed Kevin Figaniak to a foreseeably high risk of being assaulted and battered. Defendant Johnson argues that his "mere words" constituted free speech and should not render him liable to the plaintiffs as negligence. However, the jury heard significant testimony that defendant Johnson engaged in affirmative conduct which caused the verbal confrontation between the parties to continue and escalate into a fight. Considerable evidence was presented at trial to show that defendant Johnson's words and conduct initiated and instigated the altercation.

Further, defendant Johnson's actions go beyond "mere words." Defendant Johnson fails to address in his argument his actions which occurred after he made the insulting comments to the other defendants. The jury heard testimony that defendant Johnson engaged in numerous other actions such as moving Kevin Figaniak and dropping him on his head on the sidewalk which could be viewed by the jury as a proximate cause of Kevin Figaniak's death, and thus, be considered by the jury as the basis for his liability.

This Court finds that the credibility and weight given to testimony is exclusively the province of the jury. The jury was free to conclude that defendant Johnson started and provoked this altercation and his actions constituted more than uttering mere words. It was proper for the jury to consider the foreseeability of the altercation after provocation by defendant Johnson and take

---

sidewalk which produced an audible thud.

into consideration the numerous other actions of defendant Johnson that went beyond "mere words."

Accordingly, this Court finds that defendant Tyler Johnson's contention that his mere words did not, as a matter of law or fact, render him liable to plaintiffs under the facts of this case fails and defendant's motion for judgment or a new trial shall be denied.

B.  <u>Jury Instructions</u>

Pursuant to Rule 59(a)(1)(A), defendant Johnson moves for a new trial asserting that the jury instructions were erroneous and prejudicial. Defendant Johnson argues that this Court erred in permitting the jury to find Johnson liable on the theory that his words caused the violence that led to Kevin Figaniak's death. ECF No. 266-1 at 19. Defendant asserts, "[l]ike the invalid theory itself, the jury instructions that accompanied that theory were erroneous." ECF No. 266-1 at 19. Defendant contends that "this Court should have issued Johnson's proposed jury instruction #14 or an equivalent charge explaining that the jury could not find Johnson negligent, or reduce the liability of other parties, based on words alone." ECF No. 266-1 at 19. Defendant also asserts that "the jury was instructed that any pre-fight negligence nullified Johnson's post-fight immunity" and that this "allowed the jury to nullify Johnson['s] immunity on an invalid basis" and that the giving of this instruction was prejudicial error. ECF No. 266-1 at 20.

Courts have "considerable discretion in choosing the specific wording of [jury] instructions." Figg v. Schroeder, 312 F.3d 625, 640 (4th Cir. 2002) (internal quotation marks omitted). A judgment may be reversed for failure to "give an instruction proposed by a party only when the requested instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired that party's ability to make its case." Noel v. Artson, 641 F.3d 580, 586-87 (4th Cir. 2011) (internal quotation marks omitted). Further, a determination of whether an instruction, or failure to instruct, was prejudicial is "based on a review of the record as a whole." Id. (internal quotation marks omitted). "The test of adequacy of instructions . . . is not one of technical accuracy in every detail." Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987). Rather, it is a practical examination of "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id.

Specifically, this Court denied defendant's proposed Jury Instruction No. 14, "Words Are Not Enough," which provided:

> Mere words or threats unaccompanied by an overt act do not constitute ground of justification or excuse of a homicide, under the law of self-defense. State v. Snider, 94 S.E. 981 (W. Va. 1918).

10

This Court finds that defendant's proposed Jury Instruction No. 14 did not apply and was not necessary to convey the applicable law to the jury. This Court finds that when the jury instructions are read as a whole, they fairly describe the applicable law, are legally correct, and were not presented in such an abstract manner as to confuse the jury. Accordingly, this Court finds that defendant Tyler Johnson's assignment of error as to the jury's instructions fails, that the defendant was not prejudiced, and that defendant's motion for a new trial shall be denied.

C. Jury's Apportionment of Liability

Pursuant to Rule 59(a)(1)(A), defendant Johnson moves for a new trial asserting that the jury's apportionment of 75% of the liability to Johnson was contrary to the weight of the evidence and a miscarriage of justice.

This Court has conducted an extensive review of the record, including a review of the considerable amount of evidence that the jury heard regarding defendant Johnson's conduct. Based on the record, this Court finds that the evidence supports the jury's apportionment of liability. The record reveals that the jury's apportionment of 75% of the liability to Johnson was not contrary to the weight of the evidence and was not a miscarriage of justice. "Jury determinations of factual matters such as liability on a cause of action, liability for compensatory and punitive damages, and the amount of compensatory damages will be reviewed by

determining whether the jury's verdict is against the weight of the evidence or based on evidence which is false." Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996).

This Court finds that it was the jury's obligation to assign the proportion or degree of the total fault among the parties under Bradley v. Appalachian Power Co., 163 W. Va. 332, 342 (1979), and that the jury was permitted to assess the comparative fault of all the parties by properly considering all of the evidence.

Accordingly, this Court finds that defendant Tyler Johnson's assignment of error as to the jury's apportionment of liability fails, and defendant's motion for a new trial shall be denied.

D. Jury's Award of Punitive Damages

Pursuant to Rule 50(b), Rule 59(a)(1)(A) and (e) and Rule 60(b)(6), defendant Johnson moves for judgment as a matter of law, a new trial, or a substantial remittitur asserting that the jury's award of punitive damages was unsupported by sufficient evidence, contrary to the weight of the evidence, and manifestly excessive.

West Virginia Code § 55-7-29(c), "Limitations on punitive damages," states: "The amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater."

In this civil action, the jury awarded $1,250,000.00 in punitive damages. ECF No. 246. This amount does not exceed the limitation set forth in West Virginia Code § 55-7-29(c). This Court finds that the evidence presented at trial supports the jury's finding of an award of punitive damages against defendant Tyler Johnson in the amount of $1,250,000.00. The jury had reason to conclude that the plaintiffs established by clear and convincing evidence that the damages suffered were the result of conduct that was carried out by defendant Johnson with a conscious, reckless and outrageous indifference to the health, safety, and welfare of Kevin Figaniak, as required for a finding of punitive damages under West Virginia Code § 55-7-29. Thus, the jury's award of punitive damages is appropriate.

Accordingly, this Court finds that defendant Tyler Johnson's assignment of error as to the jury's award of punitive damages fails, and defendant's motion for judgment as a matter of law, a new trial, or a substantial remittitur shall be denied.

E. <u>Defendant Chandler's Self-Defense Argument</u>

Pursuant to Rule 59(a)(1)(A) and (e) and Rule 60(b)(6), defendant Johnson moves for a new trial asserting that defendant Chandler was improperly permitted to argue self-defense to reduce his apportioned share of liability.

This Court notes that counsel for defendant Johnson failed to contest or make any objections to defendant Chandler's self-defense

13

argument. Plaintiffs' counsel and counsel for defendant Chandler agreed it was proper to argue self-defense for the purposes of the apportionment of defendant Chandler's fault, not a determination of liability. Counsel for defendant Johnson never objected. In fact, the verdict form box relating to defendant Chandler was pre-checked, as a result of his involuntary manslaughter plea, and submitted to the jury with no other issue to decide as to this defendant other than his apportionment of liability. Counsel for defendant Johnson addressed this issue and did not object. Counsel for defendant Johnson also failed to make any objection to defendant Chandler asserting a self-defense argument before the charge was read to the jury or following closing argument.

This Court ruled that counsel for defendant Chandler was permitted to advance a self-defense argument in order to advocate for his apportionment of liability, not a determination of liability. This Court finds no error in permitting defendant Chandler to advance self-defense arguments solely to be considered by the jury in determining the reasonableness of defendant Chandler's actions in the circumstances as compared to all other parties in apportioning liability.

Accordingly, this Court finds that defendant Tyler Johnson's assignment of error as to defendant Chandler's self-defense argument fails, and defendant's motion for a new trial shall be denied.

F.  Amendment of the Judgment

Pursuant to Rule 59(e) and Rule 60(b)(5) and (6), defendant Johnson moves for alteration and amendment of the judgment to reflect credit for plaintiffs' settlements with two defendants, Ye Olde Alpha, Inc. and the Loyal Order of Owls Nest Lodge 2558.

This Court entered an order of prejudgment interest and amended judgment (ECF No. 278) which accounted for the agreed upon settlement offset and reduction of the compensatory damages portion of the judgment.  The Clerk then entered an amended judgment (ECF No. 279) reflecting the prior-settlement offset.

Accordingly, defendant Johnson's motion for alteration and amendment of the judgment to reflect credits for plaintiffs' settlements with two defendants is denied as moot.

IV.  Conclusion

For the foregoing reasons, defendant Tyler Johnson's post-trial motion for judgment as a matter of law, a new trial, remittitur, and/or amendment of the judgment (ECF No. 266) is DENIED.  The amended judgment (ECF No. 279) entered on September 20, 2017 is final.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     October 20, 2017

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE